**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x



CV 18-5654

KUNTZ, J.  **SUMMONS &**
**COMPLAINT**

MANN, M.J.

YAIR ISRAEL BABAYOFF

Plaintiff, (Petitioner)    Index No.

-against-    **JURY TRIAL REQUEST**

Nassau County,
Nassau County Police, Officer John Doe
Jane Doe, Detective John Doe & Jane Doe, 4th PCT 1 through 10 inclusive
The names of the last defendants being fictitious, the true names
of the defendants being unknown to the plaintiff(s),
Brandon Margolis, Pro Coverage Group,
& 5 Towns Civic Association Inc ETAL

Defendant (s) (Respondents)
-------------------------------------------------------------X

**RECEIVED**
**OCT 05 2018**
**PRO SE OFFICE**

Plaintiff, YAIR ISRAEL BABAYOFF complaining of the defendants, The City of New York ,

(Police Officers and Detectives "John" and Jane Doe), collectively referred to as the defendants,

upon information and belief alleges the follows:

## NATURE OF THIS ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color

statue , ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and

immunities secured to the plaintiff by the Fourth, Fifth, Sixth, Eight, & Fourteenth Amendments

of the Constitution of the United States, and by Title 42 U.S.C 1983 [and 1985] and arising under

the law and statues of the State of New York of Defendants Brandon Margolis , Pro Coverage

Group, & 5 Towns Civic Association making false allegations and persuading Nassau County

VIA political pressure to file charges against plaintiff

2.      This is an Action to further see compensation for the serious and permanent personal injuries

sustained by the plaintiff as a result of negligence of the defendants, perpetrated while said defendant

while said    defendant police officers & or detectives were in process of illegally and unlawfully

trying to arrest plaintiff while plaintiff was in own residence without warrant,  assaulting plaintiff by

grabbing arm  and trying to pull him out of said own residence  prosecuting  plaintiff, While Known

to the Nassau County police that plaintiff had medical issues  and for Nassau County not providing

legal aid assistance to represent me , Nassau County   as for defendants Brandon Margolis , Pro

Coverage Group & 5 Towns Civic Association to falsifying and pressuring the police a false arrest

complaint which has no basis and to lead to dismissal of alleged charges, Defendant Nassau County

for denying plaintiff constitutional 5th and 6th amendment right for council to be appointed and

discriminating against plaintiff due to his current medical condition OSC with TRO to be annexed

for request for immediate relief for council to be appointed


## JURISDICTION

3.  The jurisdiction of this court is invoked under 28 U.S.C 1343 (3) this being an action authorized

by law to redress the deprivation of rights secured under color of state and city law, statue,

ordinance, regulation, custom and usage of a right, privilege and immunity secured to the

plaintiff by the Fourth, Fifth, Sixth, Eight and Fourteenth Amendment to the Constitution of the

Unite States.


4.  All causes of action not relying exclusively on the aforementioned federal causes of action as a

bases of this Court's Jurisdiction are based on the Court's supplemental jurisdiction pursuant to

28 U.S.C 1367 to hear state law causes of action. The events, parties transaction, and injuries that

form the basis of the plaintiff's claims under applicable State and City Laws.

5.   As the Deprivation of rights complained of herein occurred within the eastern District of New York venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6.   Plaintiff YAIR ISRAEL BABAYOFF resides in New York at **69-09 138th Street Apt # 3D Flushing NY 11367-1653** and is a resident of the State of New York

7.   Defendants Nassau County Police **4th PCT 1699 Broadway Hewlett NY 11557** Officers a/o detectives are, and at all times, relevant to this action were, officers of the Nassau County Police and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8.   The Defendant, Nassau County is a municipality in the State of New York and employs the Defendants Police Officers and Nassau County Legal Aids

9.   Defendant Nassau County employs, directs and controls the administration of the Legal Aid Society pursuant to the US Constitution to provide Legal Assistance on Criminal Matters in the capacity of pursuant to the 5th amendment and 6th amendment and pursuant to the laws of protection of plaintiff having medical issues

10.  Defendant **Brandon Margolis Located at 68 Meadow Drive Woodmere NY 11598**

11.  Defendant **Pro Coverage Group Inc. 303 Merrick Road Suite 300 Lynbrook NY 11563**

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.  From the period of December 7th 2016 until October 8th 2017 Plaintiff applied as an employee to Defendant Brandon Margolis president and owner of Pro Coverage Group Inc (As known as Pro Coverage Group Inc) as an account service representative to service, sell (Defendants Accounts) for commercial and gpersonal lines insurance   for a salary , commission, and overtime

13. Pro Coverage did not want to treat or classify plaintiff as a W2 employee and instead paid Defendant as a 1099 Contractor.

14. Although Plaintiff was misclassified Plaintiff was still getting fringe benefits such as sick day paid holidays both Jewish and Secular, and overtime.

15. Plaintiff was under the Direct control of Pro Coverage, for work assignments, Punching in a time clock controlled by Pro Coverage, assigned to a desk at work location from pro coverage

16. Defendant Pro Coverage Terminated Plaintiff as an employee on October 8th, 2017 a nonscheduled work day which was in fact a Jewish holiday and plaintiff was not available due to religious reasons

17. Defendant Pro Coverage wrongfully terminated and was planning to terminate plaintiff as employee because he reneged on fringe sick benefits as prior to termination of plaintiff as employee Pro Coverage already posted a job offering to replace plaintiff

18.   Plaintiff  was owed and still owed  Overtime wages, and commission for  time worked done which Pro Coverage has records of still

19. Defendant Pro Coverage  made it very clear that If  plaintiff pursues this claim legally he will do anything to try to assert false criminal allegations against me to deter and discredit plaintiff

20. During the course of employment Defendant Pro Coverage stated that he has the use of "loaded fire arms" "and is not afraid to use it" after the employment ended through out numerous phone calls made by Pro Coverage, Brandon M Margolis made threats to plaintiff stating that if I pursue legal action against defendant "he will come with his loaded shotgun and kill me" between the period of November 2017 and December 2017

21. This was reported in person and in writing to the Nassau County Police Department at the same period of time and they specifically told me that they will not file a complaint because this is a issue for plaintiffs local pct in Queens NY (Which according to them because the weapon and person are in Nassau County and should be reported and handled there) further more Nassau County Police Department advised in

certain terms that there will be no arrest and prosecution of said defendant

22. Defendant Pro Coverage also stated that he has clients and political connections VIA 5 towns Civic Association that can persuade and pressure the Nassau County Police Dept to make charges against plaintiff for an arrest

23. Between the periods of October 2017 – To present Date Plaintiff was able to secure Legal Council on a contingency basis to represent plaintiff to pursue claims against Pro Coverage and Brandon Margolis

24. Defendant Pro Coverage, after seeing and receiving commencement of legal action decided to to make a false charge that plaintiff harassment to the police

25. Defendant Nassau County Police called me from his phone advising me that they want to arrest me back Late April 2018 despite the fact threat they either refused or overlooked of plaintiff complaints against Defendant Pro Coverage and Margolis  made to plaintiff

26. At end of July of 2018 plaintiff received a call from Nassau County Police Department stating that they want to arrest me on aggravated harassment charges allegation made by Margolis

27. Even according to Nassau County Police, the contents of said allegation made by plaintiff had inference of "trigger words of possible use of violence, assault " which would put Defendant Pro Coverage and Margolis in fear of their life

28.  Plaintiff assertions to the Nassau County Police of aggravated harassment by Defendant Margolis has the use of Trigger word for aggravated harassment by use of his loaded fire arm

29. This was a contributing factor to make plaintiff physical and mentally sick **(IAM REQUESTING THIS TO BE SEALED FROM PUBLIC RECORS AS IAM PRO SE UNDER DURESS AND THIS MAY VIOLATE MY HIPPA RIGHTS)** Which caused plaintiff to be hospitalized

30. Plaintiff's Father Rami Ribi Babayoff advised Nassau County Police that plaintiff was hospitalized, and also advised the defendant Nassau county police after plaintiff release from hospital and the Response from the Nassau County police John Doe was as of right now they will not pursue any arrest and will

contact either plaintiff or plaintiff father if something changes ,

31. There was no change or new allegations filed by defendant Margolis , Pro coverage since July 2018

32. Defendant Nassau County police having known that plaintiff is Jewish and orthodox and policing an area that is Jewish and orthodox in Five Towns decided to come with out warning or phone call to plainitff's house during the Sukkot Holiday of this Year Monday Night September 24th 2018 at or around 9:45pm to 10:30pm at the night time to arrest plaintiff at his residence with no warrant

33. Plaintiff's parents advised that plaintiff is not feeling well and also requested to see a warrant

34. The Detectives from Nassau County advised that they had a warrant but yet refused to show one

35. The Detectives at that point used un warranted force and started assaulting plaintiff and his parents by pushing parents aside and putting his hands on the plaintiff arm with strong force to pull the defendant outside of his house

36. At that point the plaintiff and parents backed away and closed the door with out assaulting the detectives and closed the door

37. On September 26th 2018 plaintiff called the Nassau County Legal Aid Society and requested for representation due to the fact that plaintiff has a medical condition the Nassau County Public Aid refuse and still refuses to represent plaintiff even though plaintiff financially qualifies for legal aid and currently has a medical condition that would hospitalize the plaintiff if he is arrested and jailed

38. Plaintiff still has medical condition and Nasau County Legal Aid is disregarding that and stating to get arrested despite that and you will be represented at arraignments

39. This is not the First time Nassau County Police is acting this way on prior event plaintiff was actually assaulted in Nassau county and sustained actual injuries Nassau County refused to press Charges on the assailant advising that the assailant said "he did not do it so I believe him and not plaintiff" **(plaintiff would also like to add this complaint at a later point as well to sustain as continuous actions led by Nassau County)**

40. at no time did plaintiff commit any offense aim. "against the laws of Nassau County and or State for which an arrest may be lawfully made.

41. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent. Plaintiff has sought treatment for these injuries.

42. The unlawful arrest of plaintiff, plaintiffs wrongful imprisonment even currently staying in house because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

43. As a direct and proximate result of defendants actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent

44. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and Outside of her home.

45. As a direct and proximate result of defendant's actions, plaintiff wil be arrested, detained without just or probable cause.

46. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, fifth sixth and Fourteenth Amendments to the United States Constitution and the laws of the Nassau County and the State of New

47. Defendant Nassau County, as a matter of 'policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the

defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

48. Defendant City of New York, as a matter of Policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

49. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

50. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

51. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

### 42 U.S.C Section 1983-against all Defendants Nassau County

52. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below

53. By detaining and imprisoning plaintiff, without justification, probable cause or

reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and

Fourteenth Amendments of the United States Constitution.

54. In addition, the Defendants conspired among'. themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

55. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Nassau County Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate cause of the acts Of the defendants, plaintiff -
suffered the following injuries and damages:

      A. An arrest not based upon probable cause;

      B. Unwarranted and malicious criminal prosecution;

      C. Deprivation of liberty without due process of law;

      D. Excessive force imposed upon him;:

      E. Summary punishment imposed upon him; and

      F. Denied equal protection under the law

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### New York State Constitution, Art. 1 Section 12 against all Defendants

58. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

59. By detaining and imprisoning plaintiff without! probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

60. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

61. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the ;scope of their respective employment as Nassau County Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution.

62. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the doctrine of respondent superior.

63. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

### AS A THIRD CAUSE OF ACTION:
**Assault and Battery—all Defendants**

64. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

65. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

66. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

### AS A FOURTH CAUSE OF ACTION:
**False Arrest and False Imprisonment—all Defendants**

67. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

68. The Defendants wrongfully and illegally try to detained, and imprisoned the Plaintiff.

69. The wrongful arrest and imprisonment while plaintiff at resident of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without: probable cause or reasonable suspicion.

70. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

71. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

72. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

73. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

74. Defendants, their officers, agents, servants, and employees were responsible for

plaintiff's detention and imprisonment during: this period of time. Defendants, as

employer, are responsible for their wrongdoing under the <u>doctrine of respondent superior.</u>

75 The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful,

unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges,

welfare, and well-being and are guilty of egregious and gross misconduct toward

Plaintiff

77. As a direct and proximate result of the misconduct and abuse of authority detailed above,

plaintiff sustained the damages herein-before stated.

### AS FOR A FIFTH CAUSE OF ACTION:
**Intentional Infliction of Emotional Distress-all Defendants**

78. The Plaintiff hereby restates all paragraphs of this complaint, *as* though fully set forth

below.

79. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly

causing severe emotional distress to plaintiff.

80. Plaintiff's emotional distress has damaged his personal and professional life because of

the severe mental pain and anguish which were inflicted through deliberate and malicious

detention and imprisonment by the Defendants Officers.

81. Defendants, their officers, agents servants, and employees were responsible for

the intentional infliction of emotional distress suffered by the Plaintiff at the hands of

the Defendants' employees. Defendants, as employers, are responsible for their

wrongdoing under the <u>doctrine of respondent superior.</u>

As a direct and proximate result of the misconduct and abuse of authority detailed above plaintiff

sustained the damages herein-before stated

82. As a direct and proximate result of the misconduct and abuse of authority detailed above,

plaintiff sustained the damages herein-before stated.

### ͵AS A SIXTH CAUSE OF ACTION:
**Negligent and  Retention of Employment Services-against all Defendants.**

83. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

84. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

85. Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable; prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

86. Upon information and belief, defendants know or should have known through the exercise of reasonable diligence that their employees were not prudent.

87. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

88. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

## AS A SEVENTH CAUSE OF ACTION:
### Negligence against all Defendants

89. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim

90. As a direct and proximate result of the negligent acts of all the defendants, Nassau County as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

91. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, informed and verily believes that they will continue to suffer for a long time to come and herein became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that she was deprived of her pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

## AS A EIGHTH CAUSE OF ACTION:

### Failure to Provide Legal Assistance

92. Nassau County had a Constitutional state and federal obligation to provide legal assistance to plaintiff

93. Nassau County Legal Aid is Discriminating against plaintiff's current health status

94. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

95. Plaintiff Beliefs that legal aid council is warranted and refusal to make such application of appointments violates plaintiff fifth sixth constitutional rights

## AS A NINTH CAUSE OF ACTION:

### Defendants submitting False and unfounded complaint to Nassau County

95- Defendants Pro Coverage, Margolis, & Five Town Civic Association persuaded fabricated unfounded complaint to Nassau County police to intimated deter discredit plaintiff for damages caused by Pro coverage and monies owed to plaintiff

WHEREFORE, plaintiff respectfully requests judgment against the Defendants as follows:

1.   On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at jury trial,: and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2.   On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial.;

3.   On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4.   On the Fourth Cause of Action, against all Defendants, compensatory

damages in an amount to be determined at trial, punitive damages against the Defendants in On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial

5.   On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6.   On the Sixth Cause of Action, against all defendants, compensatory damages in an mount to be determined at trial; and

7.   On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8.   On the Eight Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

9.   On the Ninth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

10.  Such other and further relief *as* this Court may deem necessary in the interest of justice.

Dated: October 3rd 2018

Flushing, New York

Respectfully Submitted

Yair Israel Babayoff
69-09 138th Street Apt# 3D
Flushing NY. 11367-1653
Cell 917-577-4623

**Parties to the Complaint**

**Plaintiff (Petitioner)**
1- **Yair Israel Babayoff**
   **69-09 138th Street Apt # 3D**
   **Flushing, Queens County**
   **NY 11367-1653**
   **(917) 577-4623**

**Defendants (Respondents)**
   1- **Nassau County**
      **1550 Franklin Avenue**
      **Mineola, Nassau County**
      **NY 11501**

   2- **Nassau County Police Department 4th PCT**
      **1699 Broadway**
      **Hewlett Nassau County**
      **NY 11557**
      **(516) 573-6400**

   3- **Nassau County Legal Aid Society**
      **40 Main Street 3rd Floor**
      **Hempstead, Nassau County**
      **NY 11550**
      **(516) 572-1959**

   4- **Brandon Margolis**
      **68 Meadow Drive**
      **Woodmere, Nassau County**
      **NY 11598**
      **(917) 699-1654**

   5- **Pro Coverage Group Inc**
      **Brandon Margolis**
      **303 Merrick Road Suite 300**
      **Lynbrook Nassau County**
      **NY 11553**
      **(516) 284-6657**

   6- **5 Towns Civic Association**
      **C/O AVRUTINE & ASSOCITES PLLC**
      **575 Underhill Blvd Suite 140**
      **Syosset, Nassau County**
      **NY 11791**
      **(516) 677-9405**